IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
                                          x
GBEKE MICHAEL AWALA                       :
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105                    :

                                          :

            Plaintiff,                     :        Civil No._____   06 - 248

                                          :

         vs.                              :

                                          :

SPECIAL AGENT AXEL GONZALEZ               :
OF THE U.S. Immigration and Customs
Enforcement, in his individual capacity,  :
Philadelphia, PA 19130                    :

                                          :

            and                           :

                                          :

THOMAS LISZKIEWICZ,                       :
OF THE U.S. Immigration and Customs
Enforcement, in his individual capacity,  :
Philadelphia, PA 19130                    :

            and                           :

                                          :

CHIEF RUTH JONES,                         :
OF THE U.S. Bureau of Citizenship and     :
Immigration Services, in her indivi-      :
dual capacity,
Washington, DC 20536

                                          :

            and                           :

                                          :

ACTING AGENT JOHN P. KELLEGHAN
OF THE DEPARTMENT OF HOMELAND             :
SECURITY, U.S. Immigration and
Customs Enforecement, in his indivi-      :
dual capacity,
Philadelphia, PA 19130                    :

                                          :

            and                           :

                                          :

SECRETARY MICHAEL CHERTOFF,               :
OF THE HOMELAND SECURITY, in his
individual and official capacity,
Washington, D.C.                          :
```



FILED

APR 14 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

                                                :

BORDER PATROL AGENTS,
OF THE U.S. BORDER PROTECTION, in   :
their individual capacity,
Baltimore, MD.                      :
                    Defendants.
_____ :

## COMPLAINT AND JURY DEMAND

Gbeke Michael Awala brought the Civil Rights Violation and
complaint initially and in part more than twilight had moved for
an amendment; therefore Plaintiff  is seeking a Final Judgment and
does not wish to disagree with the Court's ruling about bearings
that does not return the Plaintiffs documents carriedaway and a
hearing as to forfeiture was neither rendered by the Defendants in
conformity with the Defendants standards of practice and procedures,
and he wants his documents so that he may obtain his delayed birth
certificate from the Circuit and County Court in Florida State and
perhaps he his been hindered and preempted from the previous position
of the defendants and therefore, Plaintiffs Motion is important and
wants the Jury to resolve the Disagreement between the Plaintiff and
the Defendants.

## SUPPLEMENTAL AND PRELIMINARY STATEMENT

1.    At all times relevant  hereto, Plaintiff was from outside the
      State of Delaware, but was travelling inside the Delaware Me-
      morial Bridge and was apprehended normalizing an agreement to
      pay a toll with a check book after the cashier allerted the
      Delaware River Bay authority Police Department, the Plaintiff
      was of the imperresion that he has a Notoriety status with the
      defendants, untill the Police informed him respectively while
      the plaintiff remained conscious with regards to the Police

                                2.

inquiry, the Plaintiff beign obedient and cooperative
was attacked for failure to pay toll and call in question
about his prior deportation and the Plaintiff was obfuscated,
a person born in a country to which he owes allegiance and is
entitled to full civil rights.  Nevertheless, the Plaintiff
was arrested by the Police and while awaiting the Defendants,
and after the Defendant took him in Custody he was prepaired
and charged under Title 8 U.S.C. §1326 et seq, for illegaly
re-entrying the United States on/or around August 12, 2004,
thereafter he was indicted and convicted wrongfully.

2.    Plaintiff brings this Civil Rights action against the defendants
      to redress the deprivation, under the color of state and federal
      law, of rights, privileges and immunities secured to him by provi-
      sions of the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments
      to the United states Constitution, and 42 U.S.C. §§1981, 1982,
      1983 and 1985.

3.    Plaintiff also alleges that Defendants unlawfully deprived him
      of his civil rights under the Delaware State Constitution.

4.    Plaintiff reserves the right to amend this Complaint as soon as
      in this matter are made available to his attorney by the State
      through discovery.

5.    Plaintiff alleges that he was a victim of false arrest----seizure,
      which was a practice of the U.S. Immigration and custom enforce-
      ment, Homeland Security and U.C. Bureau of Citizenship and Immi-
      gration Service and/or many of its troopers in their individual
      and official capacities at the time of his arrest and was part
      of an extortion and hobbs Act caused by the actions BORDER PATROL
      AGENTS, program run by the Department of Homeland Security and/or

5.      its employees in their individual capacities, the Defendants
        Border Patrol "demands all documents using words unlawfully
        restraint the plaintiff, impaired the plaintiff's ability to
        proceed on its application for U.S. Citizenship withing the
        territorial jurisdiction of the Defendants herein listed,
        having vital responsibility to protect the Plaintiff and failed
        to reasonably adapt solution to problem involved, but only have
        the plaintiff charged and prosecuted oppressive conduct, failed
        to release him, at the Airport the defendants use words to honnor
        him deceptively knowing in their sets minds he was in fact born
        in the United States of America, when in fact they have agreed
        upon to create the records in favor of the plaintiff. The defen-
        dants rebutted  the estoppel in pais application filed by the

        plaintiff in the District court to cover their deeds as if nothing

        was taking from the Plaintiff, know at the detriment of him, all
        proofs of his alienated from Nigeria, therefore, was well present
        here in the United States, at birth untill he was abducted into
        Africa on/or around 1977.  Defendants both known and unknown.

6.      Plaintiff alleges further that the above-mentioned arrest and
        detention and/or policies and/or practices of Defendants were
        knowing, deliberate and intentional, in disregard for the health
        and wellbeign of Plaintiff and due to that arrest, Plaintiff was
        unlawfully caused to be unreasonably detained and maliciously
        prosecuted because he was caused to be unlawfully indicted and
        convicted in Delaware, the primary matter of right of the plain-
        tiff to argue the merits of his petition before the State Court
        based on a claim asserted that would be governed by the laws of
        the State of Florida specifically limits the Jurisdiction of the

6.      district court from adjudicating the criminal prosecution,
        under the Plaintiffs application for Birth records in the
        United State, but for Judicial abuse of discretion and Defendants
        supports to the prosecution was knowing, deliberate and intentio-
        nal, depriving Plaintiff his rights, under the U.S. Constitutio-
        nal provisions and State of Delaware Constitution.

7.      Plaintiff alleges that the Delaware arrest arising out of a
        conspiracy amongst the Defendants caused him to be maliciously
        prosecuted and unreasonably detained as he was caused to be un-
        lawfully indicted, convicted and awaiting sentence in Delaware.
        Moreover, the Delaware arrest, indictment and conviction unlawfu-
        lly caused Plaintiff to be treated as an Alien and offender un-
        der the federal penal system and be unlawfully sentenced with a
        substantial enhanced penalty that otherwise would not have recei-
        ved had his U.S. Citizenship documents preserved and used for the
        purpose it was taking or carriedaway from him by the Defendants,
        and the Conviction in Delaware due to the silence of those records
        would never had occurred.

8.      To Plaintiff's unjust and unlawful detriment, his conviction
        was not vacated and his Motions for New Trial and Acquittal was
        not ruled on, whether it was considered a Double Jeopardy or
        not the indictment was not dismissed and Plaintiff is placed on
        carllendar for sentencing on May 11, 2006, and since the Defen-
        dants have not shown any result of its search of records diligently,
        plaintiff have been deprived of his possession of to be recogni-
        zed as a U.S. Citizen, by men acting under the authority and
        under color of state law and federal law deprived Plaintiff of
        his civil rights out of 42 U.S.C.§§1981, 1982, 1983 and 1985.

9.    Plaintiff further alleges that such acts, policies and prac-
      tices are  shocking to the conscience of civilized persons
      and intolerable in a society purportedly governed by laws
      and considerations of Due Process.

10.   The practice complained of in this case--the intentional un-
      fair investigative practice that weakens public confidence
      in law enforcement, creating the impression that the interest
      in favor of the Plaintiff was not cognizable and prejudicial
      so as to outweight the interest of the state in engaging the
      prosecution after the Plaintiff suffered actual prejudice of
      beign deprived his exculpatory evidence upon to meet his burden
      of proving innocence and such a delay and failure to return
      his documents by the Defendants undermines the integrity of
      the criminal prosecution become embittered by the Plaintiff's
      reasonable perception that the Defendants practice was criminal
      in nature and also unncessarily expose the community to the
      effects of the Defendants misconduct upon the event towards
      another citizen who survived after 28 years and came down to
      his own Land to be recognized as a Citizen instead requires
      prosecution for illegally re-entrying and place him in Prison
      the conduct of the defendants---violates fundamental principles
      and conceptions of justice and is inconsistent with the commun-
      ity's sense of fair play and decency and violates plaitiff's
      equal protection clause.  Similarly, substantive and proce-
      dural due process of the Law.

11.   The Plaintiff asserts that the defendant did not have easonable
      cause to believe that the Plaintiff was commiting a crime or
      that he had committed a crime and they failed to set up a clear

11.     and convincing proof of facts whether the Plaintiff had re-entered
        the United States illegally and without the consent of the attor-
        ney General of the United States nothwithstanding the case dis-
        positive proof that the Border Patrol agents has implicit and
        constructive authority to grant permission to whom ever at the
        point of entry the Defendants used practical advantage before
        the court and distorting manners and gain advantage of the
        prosecution over the plaintiff who had proof by a clear and
        distinct evidence of travel document stamped constructively
        by the defendants lawfully themselves on/or around January 1,
        2004, noting affirmance and allow the Plaintiff to legally
        re-entered the United States  as a United States Citizen. Th-
        ereafter confiscated the Plaintiff's possessions such his
        Baptismal Certificate dated 1975 and sealed by the Miami's
        Antioch Missionary Baptist Church, Florida, Hospital Records
        of birth dated May 17, 1971, Jackson Memorial Hospital, Physic-
        ian Summary Report of treatment for Leukemia, means the Plaintiff
        was physically present in the United States at tender age and ba-
        by following his Birth here in the United States of America.  All
        and not limited to Family pictures begining from 1947 through
        1977 in the United States.  Through the Plaintiffs circumsicion
        Eight Days after Birth, including a letter addressed from 3601
        N.W. 219 Terrace to Nigeria in Jos to Christiana Oritshejafor
        the Plaintiff's Paternal GarndMother, and including old tickets
        a Bassball bearing Jackie Robinson's Name presumtively worth
        some Money now since 1947, which is inherent to the Plaintiff,
        the complaint cannot contain the overview of the property
        taken by the defendants and kept in his storage or warehouse,
        after failing to help the plaintiff seach and locate his bio-
        logical mother in the United States including his fathers grave

11.     in chicago--<u>DORCAS CALLENDAR BROWN(AWALA) AND MOSES HIME</u>
        <u>AWALA</u> both Plaintiff's biologocal parents.  Therefore,
        till this moment Defendants have failed to answer the
        many questions presented to them individually, that
        they are in capacity to perform reasonably and provide
        the Plaintiff with adequate and reasonable service as
        in conformity with their official duty and/or procedures
        or practice. Plaintiff was improperly tried and convicted

                        JURISDICTION

12.     This Court already have assumed Jurisdiction of this matt-
        er prior to this Amendment, however, the jurisdiction is
        invoked pursuant to 28 U.S.C.§§1331, 1343(a)(2),(3) and
        (4), §§1356 and 1357, 2201 and 2202.  The substantive fed-
        eral claims in this action arise out of 42 U.S.C. §§1981,
        1982, 1983 and 1985, the Fourth, Fifth, Eight, Ninth and
        Fourteenth Amendments of the United States Constitution.
        In addition, Plaintiff asserts state claims herein under
        the Delaware State Constitution. **Accordingly, 8 C.F.R. §**
        **336.9(b).**

                        PARTIES

13.     Plaintiff, Gbeke Michael Awala, is an individual who cur-
        rently resides at the Federal Detention Center, P.O. Box
        562, Philadelphia, Pennsylvania 19105, as an inmate for
        a conviction due to the arrest and seizure by the defen-
        dants, Plaintiff was unlawfully caused to be unreasonably
        detained and maliciously prosecuted based on----defendan-
        ts wrongful treatment and arbitrary conducts.

                            8.

14.    Plaintiff alleges that the aforemention----defendants he-
rein, including those named previously and newly named
herein, the Homeland Security Secretary Michael Cheroff,
U.S. Immigration and Customs Enforcement, Office of In-
vestigations and Forensic Document Laboratory(FDL) and
U.S. Citizenship and Immigration Services, Chief Ruth
E. Jones, Records Services Branch, after hearing of the
matters consolidated inaccurate certification and with
reckless disregard of the truth played accessory after
the facts defined relevant statute and procedure as
delegated to her person mistated the Plaintiffs complaint
of stolen property and documents thereafter gave a false
report used as evidence during trial and marked as exhibit
in the Plaintiffs criminal chafe knowing such acts to be
false nevertheless, individually added and abetted the
other defendants to succeed in their individual endeavors
against the plaintiff.  Moreover, the Homeland Security
Department is a Federal agency organized and existing un-
der the laws of the United States of America, having its
headquarters at Washington D.C. and the named Defendant
Michael Cheroff, is the secretary of all the intergovern-
mental agencies mentioned herein including the Defendants
and the agency Border Patrol Airport Division who is like
wise named herein as Defendant.  The Defendant Michael as
power to prevent or to aid preventing all wrongs mentioned
in this Motion and had knowledge it occured and may occur
and power to prevent the occurance withing the jurisdict-
ion of his Congressional Duties delegated by the Attorney

9.

14.      General of the United States Alberto R. Gonzales, the
         Defendant failed to use the force of his power to revive
         the Plaintiff into his liberty nor compel its agencies
         to return his possessions allows the "seizure" to occur
         failed an objective evaluation of his officers conduct,
         failes to convey messages that a citizen of the United
         States is not to be treated in same way and manner as an
         Alien--in other words, that his liberty is beign restrained
         in a significant way; and the character of a citizen to his
         fellow citizen's as Americans bars such as the taking of evasive
         actions and that the officers conduct must be govern by the
         Constitution of the United States and that the seizure was
         unreasonable under the Federal Constitution's Fourth Amend-
         ment, therefore, the seizure would have been halted enjoining
         the Defendants, failed until the Defendant was convicted and
         then they re-open its Habeas corpus through the 5th Circuit
         Court themselves or file for continuance, having had a reas-
         onable foreseability that the Plaintiff was injured and from
         the taking of his documents he will be lacking to present a
         meaningful defense, therefore, the Defendants conspired with
         the Axel Gonzales Special Agent of of the Office of the U.S.
         Customs and Immigration Enforcement retrieved records and there-
         after moved a Motion to Dismiss the Plaintiff habeas corpus
         filed against the Defendants  that was primarily filed in the
         Third Circuit and after tarnsfered to the Fifth circuit Court,
         the Plaintiff reasonably concludes here that the Defendants dis-
         regarded the Plaintiffs request and restrained him relating to
         his U.S. Citizenship Claims.

STATUTORY AUTHORITIES

15.    Judicial Review of a final order of removal..INA Section 242,
       8 U.S.C. §1252: and requirements for Review of Orders of
       removal under subsections §242(b)(5)(7)(B): Treatment of
       Nationality issues and claims of United States Nationality:

       (ii) a genue issue of material fact about the defendant's
       nationality is presented, the court shall hold a new hearing on
       the nationality calim and decide the claim as if an action had
       been brought under section 2201 of title 28, United States Code.

       Here, the above did not preempt the Plaintiff claims to U.S.
       National by birth, therefore, the plaintiff asserts that his
       interest outweighs the defendants interest in investigating
       the potential seizure, which could heve been attained or accom-
       plished through less intrusive means.

REGULATORY AUTHORITIES

16.    Accordingly, Office of the Records, Headquarters, Bureau of Citi-
       zenship and Immigration Services, United States Department of
       homeland Security, and by virtue of the authority contained in
       section 475(b)(1) of the Homeland Security Act of 2002, Section
       290(d) of the Immigration and Nationality Act and 8 CFR 103.7(d)
       (4).   The plaintiff asserts that the Defendants Ruth E. Jones
       and John P. Kelleghan, gave perjued statement to certify the
       nonexistence in the records of the service the documents perta-
       ining to the Plaintiff on the subject of his U.S. Citizenship
       application under Form N-400 Naturalization.  Similarly, pursuant
       to the Homeland Security, Bureau of Immigration and Customs En-
       forcement Delegation number:0001, subsection, (2)(B)(2)(c), the

16.    certification signed and dated January 12, 2006, by the alleged
       defendants on the subject regarding the originals, or copies there-
       of from the records relating to the Immigration matters within the
       control of the Immigration and Customs Enforcement, pertaining to
       File No. A074190250 of which the alleged secretary Michael Chertoff
       is the legal custodian pursuant to Section 103 of the Immigration
       and Nationality Act, after carefully reviewing the merits of the
       certifiacte and the fact that the plaintiff has a legal complaint
       and that the event was true the records was there and was submitted
       and should have been found was either subject to deprivation under
       Title 18 U.S.S. §2071 Concealment, removal, or mutilation generally,
       the defendant has personal knowledge of the case and are acquainted
       with the Assistant U.S. Attorneys Office in Delaware and were in-
       dividuals who appeared as a witness against the Plaintiff, there-
       fore it would be difficult to apply a law in the favor of the Plain-
       tiff.  Therefore, the plaintiff was not found guilty of the criminal
       charges beyond a reasonable doubt and was not permitted to meets its
       preponderence of proven innocent.

17.    The USINS form I-205, Warrant of Removal/Deportation dated Sept-
       ember 21, 1999, with two fingerprint impressions thereon and
       compaired with the Plaintiff Gbeke Awala's finger prints after
       his arrest on August 12, 2004 after beign found in the United States,
       the analysis and testimony presented by the defendant Thomas
       Liszkiewicz, was coercive unreliable and incredibly placed over
       issues that the witness had no legal authority to testify as to
       material facts in the custody of the U.S. Citizenship and Immigra-
       tion service who is the legal authority to recognize the Plaintiff's

17.   applications pending before the Border Patrol agents whether
      submitted or processed, nothwithstanding, the defendant gave
      a false inaccurate testimony at fàcè of the matter before the
      court on January 18, 2005, caused the plaintiff to be found
      guilty after he learned from his argument and in part agreed
      to the fact that he had no joint work force with any files
      that originates from the airport in light of claims to U.S.
      Nationality, however, the court overruled the Plaintiffs
      objections to the testimony over biometrics application and finger
      prints system, the court does not express a meritorious view,
      however, Plaintiff was denied the preponderence to show the Jury
      that there was records in the file pertaining to the Plaintiff's
      claim to U.S. Citizenship, therefore, the Defendants, knowingly
      deprived the Plaintiff fair trail with their remarks and false
      testimonies.

18.   The plaintiff alleges that the testimony introduced at trial
      by the Defendant Axel Gonzales, regarding the issues relating
      to the place the Plaintiff had used to enter the United States,
      the testimony was narrated by the above defendant its awful and
      belies  sense of fair play and decency and contrary to public
      interest, it does not define a true criminal activity, the infor-
      mation or affidavit submitted by the Defendant bereft is reason-
      ableness that a law enforcement officer would or should be allowed
      by the court to testify falsely knowing it to be false, it there-
      fore weakens the public confidence in law enforcement by creating
      false report fabricated to color guilt absence of facts supporting
      that guilt.  The Defendant Axel Gonzales, testified before the
      American Jury in the Delaware district court gave three separate

18.     testimonies namely; (1)Niagara Falls, (2) Rainbow New York and
        (3) The Plaintiff was drunk when he re-entered via Canada.  There-
        fore the plaintiff had proven in camera and provided the passport
        used at entry the Agent also viewed the alleged passport, it is
        self-authentic, it was true, dated January 1, 2004.  Similarly,
        the agent reasonably knew the report was false nevertheless, chooses
        to remain in favoring the government by providing significant tes-
        timony before the American Jury, Consequently, the whole marginal
        reports of records used and admitted at trial was frivolous and
        malicious and should have been excluded.  The said defendant part-
        icipated and appear to be acting within the course of his agency
        and/or employment with the U.S. Customs and Immigration Service,
        and subdivision of the Defendants Homeland Security, deprived Plain-
        tiff of his civil rights out of 42 U.S.C. §§1981, 1982, 1983
        and 1985, the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments
        of the United States Constitution, under the State of Delaware
        Constitution.

19.     Defendant, Axel Gonzales, reasonably can search the records by
        investigating the airport at Baltimore International Maryland,
        that the Plaintiff had obtained consent after March 1, 2003,
        as amended from the Attorney General of the United States to re-
        apply for admission in the United States; and that evidence must
        be on the record and knowing that the Plaintiff had to have obtai-
        ned permission to re-enter the United States after February 28,
        2003, from the Secretary of the Department of Homeland Security
        pursuant to 6 U.S.C. §§202(3) and (4) and U.S.C. §557 that would
        have shown a records of lawful admission as a United States
        Citizen.  For the Border Agents after collecting all original
        documents of the Plaintiff consented to his re-entry.  The agent

19.    gave false report and presented false report to the United
       States Attorneys Office of the United states Arttorney, un-
       anemed as a defendant under the illegal arrest caused by the
       Defendant Axel Gonzales and thereafter maliciously prosecuted.

20.    Defendant, Axel Gonzales is sued in his individual capacity
       as special agent U.S. Immigration and Customs Enforcement,
       Office of Investigations and Forensic Document Laboratory,
       (FDL).  Said Defendant maintains Office at 1600 Callowhill
       St, Philadelphia, PA 19130, his current whereabouts beign
       unknown to Plaintiff. At all times relevant hereto, Defendant,
       Axel Gonzales, in his individual capacity, acting within the
       scope and authority of his position as Special Agent was direc-
       tly responsible for the arrest of the Plaintiff for the parctices
       and procedures of the Homeland Security Department, U.S. Citi-
       zenship and Immigration Service and U.S. Customs and Immigration
       Services, including the policies, practices and procedures used
       on Plaintiff, Gbeke Michael Awala, as more particularly described
       herein.  Said Defendant directly participated in the perpetuation
       of the illegal practices of arrest, seizure and malicious pros-
       ecution. Agent also coerced and conducted illegal search of truck.

21.    Defendant, Thomas Liszkiewicz, is sued in his individual capa-
       city as an officer in the Forensic Division of the Homeland
       Security Service and U.S. Customs and Immigration Service. De-
       fendant maintained an Office in the custody of the other Def-
       endants, his whereabout and his office location is unknown to
       the Plaintiff.  At all times relevant hereto, Defendant, Thomas
       Liszkiewicz, in his individual capacity acting within the scope
       and authority of his position as an officer was directly res-
       ponsible for the practices and procedures of the U.S. Customs

21.     and Immigration Enforcement, including the policies, practices
and procedures used on Plaintiff, Gbeke Michael Awala, as more
particularly described herein. Said Defendant directly partici-
pated in the perpetution of the illegal practices of racial
discrimination and malicious prosecution.

22.     Defendant, RUTH E. JONES. Unknown to Plaintiff at this time,
is sued in her individual capacity as a Chief Records Service
Branch, of the U.S. Citizenship and Immigration Services. As
a Chief of Records, Chief Ruth E. Jones, regularly conducts
records searches, exercise and uses the force of her authority
under the color of Laws and federal law for the Division of
U.S. Citizenship and Immigration Services.  In fact, Plaintiff
alleges, based on her report, that Chief Ruth E. Jones refuse
to consent truthfully on her report because the Plaintiff was
previously removed or deported and she knew of the Plaintiffs
possessions taken at the airport, nevertheless, discriminated
against the Plaintiff.

23.     Defendant, JOHN P. KELLEGHAN, is sued in his individual capacity
as Acting Special Agent in Charge for the Department of Homeland
Security and U.S. Customs and Immigration Enforcement and/or
(ICE); Immigration Customs Enforcement.  As acting special
Agent in charge, Defendant regularly issue certification annex-
ed document physically seen by him, exercise and use the force
of his authority under the color of federal law for the Immigra-
tion and Customs Enforcement, and as a backup report without
adequate investigation with the documents withheld by the Border
Patrol in which the Plaintiff is afflicted with its terrors, pre-
sented a report introduced in front of Government Exhibits through-
out the whole papers introduced under prior Alien file. At the

16.

detriment of the Plaintiff caused the Plaintiff to be maliciously prosecuted, whereas, his report was lacking and untrue on the basis that he lacked legal authority to issue any report regarding the nature and type of applications or matters of U.S. Citizenship, therefore, he lacked adequate information to provide probable cause for an allegation upon which the Plaintiff was convicted.

24.   Defendant, MICHAEL CHERTOFF, is sued in his individual capacity as Secretary in Charge for the Department of Homeland Security and as Secretary, exercise and use the force of his authority under the color of Federal Law for the Department of Homeland Security, in which the principal injuries resulting from the alleged conduct of the defendants  in the departmental governmental entities is covered from the orders aggregated by this defendant who also contributed to the Plaintiff's loss of property incurred by the Border Patrol Guards.

25.   Defendant, Border Patrol Agents, known and unknown, was the original entity to exercise jurisdiction proposed by its members on consideration to generally file for the Plaintiff's Citizenship, in which the action was originally filed based on the Plaintiff's consideration, the agent unnamed involved in the matter that created a controversy through the Baltimore Airport, the alleged Agents used the color of law to deprive the plaintiff of his personal documents and property , in which the matter exceeds the sum or value of $5,000,000.00, exclusive of the interest and costs.

26.   Plaintiff alleges that in such a manner as to assure the proper treatment of Plaintiff which is consistent with the standards of proper treatment listed under policies, thus far, the procedures

17.

26.     as a whole, herein is endangering Plaintiff's findings of facts
        and legal proceeding, which preclude granting of the testimony
        presented especially to the State of Florida's Health Department
        that attacks the credibility, authenticity, reliability and vari-
        city of the Vital statistics office by failing to corroborate the
        Plaintiff's birth in Florida, in which the alleged documents cou-
        ld have helped all parties including the district court who pre-
        sided over the criminal matter instruct the jury to assure  sound
        discretion, thus, this deprivation seriously affects the fairness
        integrity, and public reputation of judicial proceeding used aga-
        inst the plaintiff as a whole and subjecting him to cruel and un-
        usual punishment, in violation of the rights, privileges and imm-
        unities secured to Plaintiff and members of Plaintiff's class by
        the Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the
        United States Constitution, and 42 USC Sections 1981, 1982, 1983,
        and 1985.Plaintiff's substantive and procedural due process are
        infringed.

27.                              COUNT

        All the foregoing allegations contained in Count by paragraphs
        are hereby incorporated and set forth.

28.     As a direct result of the acts and omissions of Defendants, incl-
        uding the nexus between seized evidence and the evidence produced
        against the Plaintiff, having no probable cause to issue an arrest
        and charge the Plaintiff with illegal re-entrying the  United St-
        ates in violation of Title 8 U.S.C. Section 1326(a) and (b); the
        service failed to direct a search in reference to the Plaintiff's
        documents, including a family pictures from childhood in the Un-
        ited States, Jackson Memorial Hospital Miami Florida, Hospital
        Discharged Summary, Physician Summary report, History and physical

                                18.

28.    report leukemiah, child circumscision, Baptism, from 1971 through
       1976, and other years of grand parents from 1947 through 1976 and
       physical report which contains sufficient information or data. The

       above-mentionedactions and/or omissions were negligent and/or reck-
       less and/or intentional deprivation of right of ownership and cont-
       itute a taking.

30.    As a direct and proximate result of the above-described actions and
       omissions of Defendants, Plaintiff has suffered general damages in
       an amount in excess of Five Million Dollars($5,000,000..), exclu-
       sive of interest and costs, the exact amounts of which will be pr-
       oven at trial.

31.    Defendants above-mentioned actions and/or omissions were committed in
       color of Federal Law and/or pursuant to policies, customs, practice
       rules, regulations, ordinances, statutes and/or usage of the Immi-
       gration Code of Federal Regulation.

32.    The acts, conduct, and behavior of Defendants, and each of them, were
performed knowingly, intentionally and maliciously, by reason of which
Plaintiffs are also entitled to an award of punitive damages in an amount
in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) each.

WHEREFORE, Plaintiff prays for relief as follows:

1.     That the Court determine and enter judgment declaring that the acts
       and omissions of Defendants, as set forth above, violate rights secu-
       red to PLaintiff by the Fourth, Fifth, Eight, Ninth and Fourteenth
       Amendments to the United States Constitution, 42 U.S.C. Sections
       1981, 1982, 1983 and 1985, the United States Constitution and the
       Laws Against Discrimination;

2.   That the Court award general damages to Plaintiff in excess of
     Five Million Dollars ($5,000,000.00);  including compensatory;

3.   That the Court award punitive damages to Plaintiff in an amount
     in excess of Two Hundred Fifty Thousand Dollars($250,000.00);

4.   That Defendants be required to pay legal costs and expenses in this
     action, including reasonable provisions for Plaintiff's attorney's
     fees;

5.   That the Court grant such further and additional relief that it deems
     appropriate.

6.   That the Criminal proceedings instituted against the Plaintiff
     Gbeke Michael Awala, in U.S.A. vs. Awala CR 04901-KAK, and judg-
     ment entered by jury verdict on January 18, 2006, at the United
     States District Court, for the District of Delaware, the criminal
     indictment/prosecution and conviction against the Plaintiff be dismi-
     ssed and his conviction vacated by Order of the District Court Judge,
     on the basis of statutory and Constitutional infirmity in the under-
     lying criminal proceedings or on the basis of an unlawful arrest
     and conviction, and the Plaintiff has raised claim of that kind
     warranting a dismissal with prejudice.

7.   That the Court issue a decree that the Plaintiff can reside in the
     United States and agree that the Consent issued at the Airport was
     functionaly equivalent to that explicitly confered on the Border
     Agents by the Attoney General, as used against the Plaintiff, and
     that the court should grant all the relief necessary to the furni-
     shings which will show that I am an American Citizen.

8.   Grant injunctive Relief and Release from imprisonment.

DEMAND FOR JURY

On/or around March 3, the Court issued an Order denying the
Plaintiff's Motion to reconsider and Dismissed the Plaintiff's
claims with a stigma indicating erroneously that no goodfaith
reasons for Appeal.  In rebuttal, the court lacked sufficient
detail and the court failed to embrace the third circuit prece-
dent, that the standard for evaluating whether a complaint is
'frivolous' is an objective one. See Deutsch v. United States,
67 F.3d 1080, 1086-87 (3d Cir. 1995) and A pro se complaint may
be dismissed for failure to state a claim only if it appears "be-
yond doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief.  Haines, 404 U.S. at
521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However,
where a complaint can be remedied by an amendment, a district court may
not dismiss the complaint with prejudice, but must permit amendment.
Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363
F.3d 229 (3d Cir. 2004)(citation omitted).

Here, The Plaintiff may file amendment in the foregoing civil
rights action to demonstrate danger of physical injury and imminent
danger of complete miscarriage of justice or manifest injustice, that
adequately supports the craving for amendment and/or reconsideration.
See Dasilva v. Esmore Corr. Services, INc., Nos. 03-3095, 03-3096,
2006 WL 197610, at *3(3d Cir. Jan 27, 2006).  Furthermore, Plaintiff
Gbeke M. Awala, by and through self-representation, Pro Se, demands
a Trial by jury as to all issues so triable in this action pursuant to
the U.S. Constitution's 7th Amendment.

Dated._____, 2006.

WHEREFORE, for the foregoing reasons, and for any others that may

become apparent at a trial on this matter, plaintiff Gbeke Michael Awala,

respectfully requests that the Court grant his motion and consider all

the counsels necessary to enable him regain his inheritance delivered

on to the defendants under trust. Awala says his families were disarrayed

I had a terrible sense of loss, and some of those feelings never go away.

Dated._____, 2006.

This is my testimony which are shown herein. Amen.

Respectfully submitted,

CC: No appearance filed yet
as per counsels for
Defendants.

    Axel Gonzales

    1600 Callowhill St
    Philadelphia, PA 19130.

Gbeke Michael Awala Pro Se
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105

22-22.

GBEKE MICHAEL AWALA
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105



PETER T. DALLEO
CLERK OF COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
LOCKBOX 18
844 KING STREET
US. COURTHOUSE
WILMINGTON, DELAWARE 19801

legal mail: